**WINN AVENUE WAREHOUSE, INC.,**
Plaintiff-Appellant

v.

**WINCHESTER TOBACCO WAREHOUSE CO., Inc., The Burley House, Inc., P. O. Wilson, Ed. Smith, Tom Jones and J. H. Waller, a partnership, d/b/a The Farmer's Warehouse, and The Winchester Tobacco Board of Trade,** Defendants-Appellees.

No. 15585.

United States Court of Appeals
Sixth Circuit.

Feb. 16, 1965.

Amos H. Eblen, Eblen, Howard & Milner, Lexington, Ky., for appellant.

Gess, Mattingly, Saunier & Atchison, Lexington, Ky., Marshall McCann, Jr., White, McCann & Stewart, J. Smith Hays, Winchester, Ky., for appellees.

Before CECIL and EDWARDS, Circuit Judges, and TAYLOR, District Judge.

PER CURIAM.

Plaintiff-appellant seeks a rehearing in this matter based upon what counsel contend is an error of law in the Court's holding in this case. They support this contention by stating that the Court did not consider two recent decisions of the Supreme Court, namely: United States v. Philadelphia National Bank, 374 U.S. 321, 83 S.Ct. 1715, 10 L.Ed.2d 915, and United States v. First National Bank & Trust Co. of Lexington, 376 U.S. 665, 84 S.Ct. 1033, 12 L.Ed.2d 1. Since this case involves alleged violations of the Sherman Act, the Philadelphia National Bank case, involving Clayton Act violations, is not in point. The First National Bank case is distinguishable on its facts.

In its opinion, this Court stated that "Under the rule of reason announced by the Supreme Court in Standard Oil Co., of New Jersey v. United States, 221 U.S. 1, 31 S.Ct. 502, 55 L. Ed. 619, * * * only an *unreasonable* restraint of trade is a violation of Section 1 of the Sherman Act. *Whether a restraint is unreasonable or whether there is any restraint is a question of fact.* * * *" (Emphasis added.) Nothing in either of the two recent Supreme Court opinions, supra, can be said to refute this time-honored statement of the law. Contrary to petitioner's statement of the Supreme Court holding in the First National Bank case, "that elimination of substantial competition is 'restraint of trade' under Section 1 of the Sherman Act," the Supreme Court actually said that "the elimination of significant competition *between First National and Security Trust* constitutes an

*unreasonable* restraint of trade in violation of § 1 of the Sherman Act." (Emphasis added.) 376 U.S. 665, 669–670, 84 S.Ct. 1033, 1036. The Court went on to say, "Where, as here, the *merging* companies are major competitive factors in a relevant market, the elimination of significant competition *between them* constitutes a violation of § 1 of the Sherman Act." 376 U.S. at 672–673, 84 S.Ct. at 1037. (Emphasis added.) This finding is based on the particular facts of the case before the Court.

In the National Bank case, the Court found that the two merging banks were the two largest banks in Lexington and that the merged bank was larger than the remaining banks combined. It was stated by the Court that the Attorney General, the Federal Deposit Insurance Corporation, and the Board of Governors of the Federal Reserve System each reported and concluded that the consolidation would adversely affect competition among commercial banks in Fayette County (Lexington).

In the Winn case now before us, Burley, one of four warehouses on the Winchester market desired to withdraw from the market. Two of the three remaining warehouses, Farmers and Winchester, leased the space of Burley for ten years. Reasonable restraints ancillary to a sale or lease have long been recognized as valid under the common law. United States v. Addyston Pipe & Steel Co., 85 F. 271, 46 L.R.A. 122, C.A. 6 (1898), modified and aff'd 175 U.S. 211, 20 S.Ct. 96, 44 L.Ed. 136 (1899). See generally Oppenheim, Federal Antitrust Laws Cases and Comments, 2nd Ed. (1959) pp. 1–15.

Under the statutes of Kentucky and the regulations of the tobacco markets, the capacity of tobacco warehouses is measured in, and they are operated under terms of baskets. Farmers and Winchester were still in competition with each other after the lease and there were no more nor less baskets in competition with Winn than there were before the lease.

 The District Court found as fact that there was no unreasonable restraint of trade by reason of the lease. We not only hold that the facts as found by the trial judge were not clearly erroneous but we agree with them.

The clerk is hereby authorized to enter an order denying the petition for rehearing.